**SO ORDERED.**

**SIGNED this 10 day of September, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

CASTLE HORIZON REAL ESTATE, LLC,         CASE NO. 09-05992-8-JRL
                                                                      Chapter 11
     DEBTOR.

**ORDER**

This matter came before the court on the debtor's motion to extend the 45-day small business confirmation deadline. A hearing was held on August 23, 2010, in Raleigh, North Carolina.

The debtor, Castle Horizon Real Estate, LLC, filed a voluntary Chapter 11 petition on July 20, 2009 as a small business case and single asset real estate case. Debtor filed its first plan of reorganization on November 18, 2009, 121 days after the petition and an amended version of that plan on May 6, 2010. The 45-day small business confirmation deadline was extended to July 21, 2010. During the confirmation hearing on July 20, 2010, the court requested the debtor provide additional information by July 30, 2010. Debtor then requested another extension on the 45-day small business confirmation deadline to August 20, 2010. On July 29, 2010, debtor filed a motion for leave to file a second amended plan and filed the plan on August 20, 2010. The second amended plan was filed 396 days after the petition and differed significantly from the first amended plan. Creditor First-Citizens Bank objected to the extension and to the second

amended plan, and has moved to dismiss the case.

Pursuant to §1121(e), a small business debtor has 180 days of exclusivity in submitting a plan for confirmation. Creditors and any party in interest may then file plans for confirmation after the exclusivity period. After submitting a plan, §1129(e) requires the court to confirm the plan within 45 days unless an extension is properly requested and granted in accordance with §1121(e)(3). Section 1121(e)(2) sets an outer limit on submitting plans in small business cases and states that the plan and a disclosure statement shall be filed not later than 300 days after the date of the order for relief.

The timing requirements of §1121(e) were imposed to closely supervise small business debtors and to manage these cases in an expedited manner. In re Sanchez, 429 B.R. 393, 398 (Bankr. D. Puerto Rico 2010). At issue is whether the 300-day deadline was violated by the filing of the second amended plan 96 days after its expiration. There is no need to address whether the debtor has met the standard for an extension on the 45-day deadline for confirmation since the court finds the 300-day deadline was violated by the late submission of the second amended plan.

Debtor argues its seconded amended plan relates back to its first plan, filed 121 days after the order for relief, and thus does not violate the 300-day deadline. Debtor interprets §1121(e)(2) as requiring the debtor to submit any plan within 300 days, and after doing so, debtor can submit plans after 300 days if none have been confirmed.

Debtor's second amended plan does not relate back to the first plan for purposes of the 300-day deadline. Debtor cites In re Florida Coastal Airlines, Inc., 361 B.R. 286 (Bankr. S.D Fla. 2007), in which the court allowed the debtor to file an amended plan 309 days after filing its petition because it was "fundamentally a cleaned-up version of its original plan." In re Florida

Coastal Airlines, Inc., 361 B.R. at 290.  The court analogized the relation back of amended pleadings under Rule 7015.  Id. (citing Farmer v. Osburn (In re Osburn), 203 B.R. 811, 813 (Bankr. S.D. Ga. 1996) (allowing relation back to an untimely filed complaint since the amended complaint arose out of the same factual occurrence).  Here, debtor's second amended plan is different from the first amended plan, and thus not a "cleaned up" version of the original.  The first plan proposed an immediate sale of sufficient property to pay the secured debt, while the second proposed to retain the property and operate a multitude of businesses there.

Nor does it "arise from the same factual occurrence" because it arises from the same bankruptcy filing as the first plan.  If that were true, all plans, no matter how different in their proposed reorganization, would relate back to a timely filed original plan.  Debtors could continue to file plans well beyond the 300-day deadline, dragging out small business cases, which the timing requirements of §1121(e) intended to expedite.  Furthermore, debtor argues relation back should be allowed as it was in In re Florida Coastal Airlines because not doing so would prohibit the debtor from filing a new plan to deal with changed circumstances.  Id. at 290 ("[I]t would be peculiar indeed if the ability to amend a reorganization plan to deal with changed circumstances had been prohibited by Congress.").  However, debtor has not demonstrated such circumstances warranting additional time for a new plan.

Debtor also interprets the 300-day deadline as only addressing situations in which a debtor has failed to file any plan within 300 days.  It is true that if no party files a plan within 300 days, then no relief is available. In re Sanchez, 429 B.R. at 398 (citing Collier on Bankruptcy ¶ 1121.07[4]).  However, this does not support the proposition that the 300-day deadline was added solely to encourage the expeditious filing of *any* plan.  Congressional intent supports the opposite–that the 300-day deadline is a "drop dead" provision to limit the amount of

3

time for filing plans. The timing requirements of §1121(e) reflect "Congressional intent that plan filing time limits be strictly followed," In re Win Trucking, 236 B.R. 774, 778 (Bankr. D. Utah, 1999), and are "a clear example of Congress' attempt to keep small business cases on a short leash." In re Sanchez, 429 B.R. at 398. Small business debtors cannot file any plan in order to remove the 300-day deadline in §1121(e)(2) and carry on the confirmation process beyond 300 days from the order for relief.

The court has significant reservations about whether the debtor's designation as a small business debtor at the beginning of this case was correct. That definition under § 101(51D)(A) excludes "a person whose primary activity is the business of owning or operating real property or activities incidental thereto . . . ," which would seem to cover the debtor under the record developed thus far in this case. Pursuant to B.R.1020(a), a small business debtor remains as such "unless and until the court enters an order finding that the debtor's statement is incorrect." Rescinding the designation at this point would serve no purpose, as the Rule clearly does not make such a rescission retroactive. Under B.R. 1020(a), the debtor was a small business debtor at the time the 300-day deadline was missed, and changing the designation at this point would not alter the result.

Given that the debtor's second amended plan violates the 300-day deadline, the motion to extend the confirmation deadline for the second amended plan is denied and the case is **DISMISSED**.

**END OF DOCUMENT**